# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| SHEIKEL JAMISON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV611-006 |
| UNITED STATES OF AMERICA, | ) ) ) | CR606-026 |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Sheikel Jamison, who stands convicted by a federal jury of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) He raises two ineffective assistance of counsel claims against his attorney, Steven Brill. (*Id.*; doc. 2 at 1-2.) In addressing Jamison's claims, the Court is guided by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Jamison first must demonstrate that his attorney's performance was deficient, which means showing that

---

[1] Unless otherwise noted, citations are to the docket in Johnson's civil case, CV411-006. "Cr. doc." refers to documents filed under his criminal case, CR606-026. Additionally, page references are to the Court's CM/ECF screen page rather than the referenced document's own internal pagination.

his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial or guilty plea proceeding cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "no competent counsel would have taken the action that his counsel did take." *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir.2000) (en banc)).

Under the prejudice prong, the movant must establish that there

was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375, (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983); *Willis v. United States*, 2009 WL 1765771 at * 2 (S.D. Ga. June 22, 2009).

Additionally, the Supreme Court has held that the same *Strickland* test applies to claims of ineffective assistance of counsel on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Smith v. Murray*, 477 U.S. 527, 535-36 (1986). In *Jones v. Barnes*, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991) (quoting and citing *Jones v. Barnes*, 463 U.S. at 751-52).

Here, Jamison was represented at trial by Zena McClain. (Cr. doc.

772.) After sentencing, she was replaced by Steven Brill. (Cr. doc. 804.) On appeal, Jamison's conviction was affirmed but his sentence was vacated and remanded since he was held accountable at sentencing for the amount of drugs attributable to the entire conspiracy rather than the amount reasonably foreseeable to him alone. *United States v. Bacon*, 598 F.3d 772, 777-78 (11th Cir. 2010). The district judge assigned to the case resentenced Jamison, lowering his sentence from 120 to 78 months' imprisonment. (Cr. doc. 1061 (amended judgment); cr. doc. 716 (original judgment).) He did not appeal the new judgment but now attacks Brill's performance on two grounds, first for failing to object at re-sentencing to the sentencing judge's imposition of a longer than allowed supervised release period, and second for failing to further litigate his conviction before the court of appeals and United States Supreme Court. (Doc. 2 at 1-2.)

Jamison asserts that since his sentence was under 12 years, it was only a Class C felony and therefore subject to a maximum 3-year term of supervised release under 18 U.S.C. § 3583(b)(3). (Doc. 2 at 1.) Jamison, however, received five years' supervised release. (Cr. doc. 1061.)

Accordingly, he reasons, Brill was ineffective at re-sentencing for failing to raise the issue. (Doc. 2 at 1.) His argument is flawed in many respects, however.

While the Court of Appeals plainly held that Jamison was not subject to the 18 U.S.C. § 841(b)(1)(A)[2] mandatory minimum 10-year imprisonment penalty based upon his participation in a conspiracy involving more than 5 kilograms of cocaine, *Bacon*, 598 F.3d at 777-78, Jamison admitted that 765 grams of cocaine was foreseeably attributable to him. (Cr. doc. 1059). Hence, Jamison was sentenced under 18 U.S.C. § 841(b)(1)(*B*), which applies to offenses involving more than 500 grams of cocaine and carries a minimum of five years' imprisonment and a maximum of forty. Hence, Jamison was *not* convicted of a Class C felony, which carries a maximum of only twelve years' imprisonment. 18 U.S.C. § 3581. Moreover, the government correctly asserts that 18 U.S.C. § 3583 does not control here, regardless of the felony class. (Doc. 4 at 7.) Section 3583(b) applies "[e]xcept as otherwise provided." Here, Jamison's range was set by the statute under which he was convicted

---

[2] Under 21 U.S.C. § 846, conspirators are "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." *Id.*

(the "where-otherwise-provided" statute here), which carries a *minimum* of four years' supervised release. 21 U.S.C. § 841(b)(1)(B); *see also* 21 U.S.C. § 841(b)(1)(C) (when convicted of possession with intent to distribute *any* quantity of cocaine, the *minimum* supervised release term is 3 years). In fact, the statutory maximum supervised release term for any person convicted of possession with intent to distribute cocaine is life, since there is no prescribed statutory maximum. *United States v. King*, 272 F.3d 366, 376 (6th Cir. 2001); *United States v. Gibbs*, 58 F.3d 36, 37-38 (2d Cir. 1995). Consequently, Jamison could have been sentenced to any length of supervised release, so Brill was not ineffective for failing to raise the issue before the sentencing judge.

Next, Jamison contends that Brill should have sought en banc review of the appellate court's affirmance of his conviction and then should have sought a writ of certiorari from the United States Supreme Court. (Doc. 2 at 2.) Defendants, however, have no constitutional right to have counsel pursue discretionary appellate relief, including petitions for en banc review and certiorari. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Ross v. Moffitt*, 417 U.S. 600, 616-17 (1974). Since

6

defendants do not have a constitutional right to counsel on discretionary appeals, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), counsel's performance cannot be constitutionally deficient for a failure to pursue such relief. *See, e.g., Wainwright*, 455 U.S. at 587-88; *United States v. Fernandez*, 397 F. App'x 433, 436-37 (10th Cir. 2010) (rejecting § 2255 claim of ineffective assistance of counsel based on failure to petition Supreme Court for writ of certiorari); *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (same); *see also Mills v. United States*, 2007 WL 4458304 at *4 (E.D.N.C. Dec. 14, 2007) (holding no constitutional right was implicated where appellate counsel failed to notify petitioner of the appellate court's decision until after the time for filing a petition for rehearing had expired).

Jamison's ineffectiveness claims are meritless. Accordingly, his § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v.*

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 22nd day of March, 2011.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA